ROQUETTE FRERES AND ROQUETTE CORPORATION, PLAINTIFFS *v.* UNITED STATES, DEFENDANT, and PFIZER, INC., INTERVENOR

Court No. 82-5-00636

Before BOE, *Judge.*

(Dated February 17, 1984)

*Wald, Harkradar & Ross (Joel E. Hoffman, Mark R. Joelson, Marilyn E. Kerst* and *Kenneth H. Hall,* on the briefs) for the plaintiffs.

*Richard K. Willard,* Acting Assistant Attorney General (*David M. Cohen,* Director, Commercial Litigation Branch and *A. David Lafer,* on the briefs) for the defendant.

*Barnes, Richardson & Colburn (E. Thomas Honey, Michael A. Johnson,* and *James H. Lundquist,* on the briefs) for the intervenor.

BOE, *Judge:* Plaintiffs commenced the above action in this court by filing a summons and complaint challenging the final affirmative determinations of the International Trade Administration ("ITA") and International Trade Commission ("ITC"). *Sorbitol From France; Final Determination of Sales at Less Than Fair Value,* 47 Fed. Reg. 6459 (1982); *Sorbitol From France; Inv. No. 731-TA-44 (Final),* 47 Fed. Reg. 14981 (1982). Pursuant to an order of remand entered by this court in *Roquette Freres* v. *United States,* 6 CIT 42 (1983), the ITC made its remand determination, altering in part its prior determination.[1] The plaintiffs, deeming a new action necessary to challenge the remand determination of the ITC, filed a new summons and complaint. In a memorandum opinion and order granting the motion of the defendant to dismiss the second action commenced by the plaintiffs, *Roquette Freres* v. *United States,* 6 CIT 329 (1983), the court "gratuitously" permitted the filing of supplemental pleadings and/or responses by the parties.

In its response to the supplemental complaint filed by the plaintiffs, the intervenor included a counterclaim.

---

[1] The ITC altered its original final affirmative determination by finding in its determination on remand that:
1. "As of the date of the commission's [original final] determination" a domestic industry had been materially injured by reason of imports of crystalline sorbitol from France.
2. A domestic industry was not materially injured or threatened with material injury by reason of imports of liquid sorbitol from France. *Sorbitol From France; Inv. No. 731-TA-44 (Final—Court Remand),* 48 Fed. Reg. 49560 (October 26, 1983).

The plaintiffs in the instant proceeding seek to dismiss the counterclaim of the intervenor for the reasons that:

1. It is not brought within the time limitations of 19 U.S.C. § 1516(a)(2)(A)(i)&(B)(ii) for a challenge to a negative determination of the ITC, and

2. It fails to state a claim upon which relief can be granted.

This court acquired jurisdiction with respect to the review of the administrative determination of the ITC by the filing of the summons and complaint on May 7 and June 4, 1982 respectively. The jurisdiction thus acquired by this court is continuing, notwithstanding the fact that the court remanded the action to the ITC for further determination. The return of the administrative record to this court after remand does not require the filing of a new summons and complaint in order to confer jurisdiction upon the court. *See* 6 CIT 329 (1983).

Plaintiffs ignore the explicit wording of § 1516a(a)(2) (A) & (B) which relates solely to the time for commencement of an *action* in this court challenging an administrative determination. Once the court has acquired jurisdiction, the statute does not attempt to direct the manner of presentation of issues and arguments as to an administrative determination, affirmed, altered, or revised on remand.

The intervenor, a party in interest, is a proper party litigant in this action. The continuing jurisdiction of this court over the determination of the ITC, as altered on remand, permits the intervenor to challenge the negative portion of the ITC determination without further pleading.

It is unfortunate that in § 1516a review proceedings the intention and, indeed, the mandate of Congress for an expeditious judicial determination on the administrative record becomes subverted by reason of the questionable use of the rules of pleading and practice, and motions relating thereto, designed primarily for the *trial* of actions in this court.

Justifiable confusion on the part of litigants may well stem from the statutory provision requiring a party, desiring to challenge an administrative determination, to commence an "action" in this court by the filing of a summons and complaint. 19 U.S.C. 1516a(a)(2) (A) & (B).

However, the purpose and intent of court rule 56.1 will be held for naught if full import is not given to its provisions. After jurisdiction has been acquired by the timely filing of a summons and complaint and issue is joined, the court, on its own initiative or on motion of any party, may direct that the matter be submitted for determination by a motion for review. Rule 56.1 of the Court of International Trade Rules. Subsection (c) of rule 56.1 specifically prescribes the contents of motion papers and accompanying briefs submitted to this court either contesting or supporting the agency determination. During the course of a review proceeding, the op-

portunity for a party to challenge an administrative determination, altered or reversed on remand, necessarily must be recognized and allowed by this court. Rule 56.1 contemplates that in a submission of a determination for review, the court will conduct its review without the need of additional or supplemental pleadings. Challenges or responses, requiring a changed position on the part of a party, can be set forth in supplemental briefs and memoranda as provided by rule 56.1(d).

The present mélange confirms the result which well may be envisioned by the application of the general rules of pleading, intended for the trial of an action, to a proceeding which is exclusively a review on the administrative record. The designation "counterclaim" interposed by the intervenor as a part of its response to the supplemental complaint filed by the plaintiff is illustrative of the "miscasting" which results from the attempt to utilize the denominative titles of formal pleadings, authorized by the rules of court for initiating an action, in an administrative review proceeding.

The intervenor, however, has clearly stated in the preliminary statement contained in its response to plaintiffs' supplemental complaint its sole purpose and objective in filing a "counterclaim."

> Intervenor was not a party to Court No. 83–11–01683, and believes that the issues which it wishes to raise with regard to the remand determination of the United States International Trade Commission in this case, are best handled and stated in the supplementary brief filed in this action with the Court on January 3, 1984, where those issues have been stated according to Rule 56.1(c) of the rules of this Court. Intervenor files this responsive pleading to plaintiffs' election to file a supplemental complaint in order to complete this Court's records in one document.

As the intervenor further acknowledges, its counterclaim constitutes nothing more than a renewal of its prayer for relief contained in its rule 56.1 motion for judgment on the administrative record, filed on January 3, 1984, upon remand after redetermination by the ITC. The designation of the term "counterclaim" cannot serve in itself as a ground for dismissal of this response to plaintiffs' supplemental pleading.

Accordingly, it is

ORDERED that plaintiffs' motion to dismiss be and is hereby denied.